UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KURT W. DAVIS, | ) | Case No.: 5:17 CV 68 |
| | ) | |
|     Plaintiff | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
|     v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
|     Defendant | ) | <u>ORDER</u> |

On January 10, 2017, Plaintiff Kurt W. Davis ("Plaintiff") commenced the above-captioned case seeking judicial review of the Commissioner of Social Security Administration's ("Commissioner") decision denying him disability benefits. (ECF No. 1.) The case was referred to Magistrate Judge George J. Limbert ("Magistrate Judge Limbert" or "Judge Limbert") for preparation of a Report and Recommendation ("R & R"), pursuant to Local Rule 72.2. (ECF No. 3.)

On April 17, 2017, Plaintiff submitted his Brief on the Merits arguing that the Administrative Law Judge's ("ALJ") analysis of his mental impairments and residual functional capacity ("RFC") were not supported by substantial evidence. (Pl.'s Br., ECF No. 10.) Particularly, Plaintiff argued that the ALJ improperly substituted its own opinion for that of mental health experts when it gave "less weight" to Dr. Lyall's GAF scale score of 50. (*Id*. at 19.) Plaintiff further argued that the ALJ improperly relied on the state reviewing physicians' residual functional capacity determinations because: (1) to the extent that the ALJ intended to adopt the RFC found by the state physicians, he

did not properly do so; (2) to the extent that he found an RFC less-restrictive than the state physicians, such a determination was not supported by substantial evidence; and (3) in any case, substantial evidence does not support the state physicians' RFC determination because "they did not include any limitations with respect to job-related reading requirements, time off task or absenteeism, or any special supervision Plaintiff would need in order to minimize mistakes, to remain on task, or to adjust to workplace changes." (*Id.* at 20.) In this regard, Plaintiff cites to evidence which arose after his initial applications were denied and upon reconsideration. (*Id.* at 20-21.) Thus, Plaintiff contends that, based on a proper analysis of the evidence, the ALJ should have found disability at the step three or step five of the sequential evaluation process under 20 C.F.R. § 404.

On June 28, 2017, the Commissioner submitted its responsive Brief on the Merits seeking final judgment upholding the ALJ's decision below. (Def.'s Br., ECF No. 13.) The Commissioner argued that substantial evidence supported the ALJ's RFC finding because it was formulated based on five separate medical opinions. (*Id.* at 8-9.) Defendant also contends that Plaintiff's assignment of error is improper because it is merely inviting the court to reweigh the evidence, which is not a proper basis for remand. (*Id.* at 9.)

On March 1, 2018, Magistrate Judge Limbert submitted his R&R, recommending that the court affirm the ALJ's final decision. (R&R, ECF No. 16.) Magistrate Judge Limbert found that Plaintiff's arguments lacked merit because: (1) Plaintiff mis-characterizes the ALJ's findings by seeking to impose an obligation for the ALJ to adopt the exact language or all of the limitations of the state agency consultants; (2) given that all the evidence cited by Plaintiff was available to the ALJ at the time it issued its decision, Plaintiff is improperly asking the court to reweigh the evidence,

which is not the proper standard of review; and (3) the ALJ was not required to provide "good reasons" when discounting the opinions of treatment providers when Plaintiff has not demonstrated that they are treating physicians under the regulations; and finally, (4) the ALJ was not required to address every piece of evidence in its decision, so long as its decision was supported by substantial evidence. (R&R at 12-15.)

Magistrate Judge Limbert went on to find that substantial evidence supported the ALJ's findings. (R&R at 14.) Particularly, the ALJ noted portions of Plaintiff's testimony which described his daily living and social activities, including that Plaintiff said he "goes to bars, has fun with friends, cooks and cleans, reads, and he mowed lawns this summer for one month" and that he had a girlfriend, although they were no longer together. (*Id*.) Next, Judge Limbert noted the ALJ's detailed discussion summarizing Plaintiff's treatment with Dr. Stalker, Mr. Mohler, Dr. Saghafi, Dr. Lazzerini, and Dr. Kothari. The ALJ also engaged in a detailed analysis of the opinion evidence. The ALJ explained that "he assign[ed] significant weight to the opinions of the state agency psychological consultants...since the opinions were generally consistent with the RFC finding, Plaintiff's medical records, and the lack of treatment history, specifically noting the dearth of evidence of psychiatric hospitalizations or mental health treatment/counseling." (*Id*. at 14.)

Magistrate Judge Limbert went on to note that, although the ALJ assigned significant weight to the majority of Dr. Lyall's opinion, which was generally consistent with the record as a whole and the assessments from the Disability Determination Services ("DDS"), it assigned less weight to Dr. Lyall's assignment of the GAF score of 50 because it was "a vague statement of functional abilities that was inconsistent with Dr. Lyall's narrative statement and the medical record, which included a lack of formal treatment or significant mental health issues." (*Id*.) With respect to Mr. Mohler, the

ALJ indicated that his opinion was assigned significant weight because it was also generally consistent with the assessments of DDS and Dr. Lyall, and because Mr. Mohler personally evaluated Plaintiff. (*Id*.) The ALJ also assigned significant weight to the opinion of Dr. Saghafi because it was consistent with the medical record. (*Id*. at 14-15.) Finally, the ALJ assigned very little weight to the opinion of Dr. Lazzerini because it included very little supporting evidence, did not provide any analysis, and was generally inconsistent with the record as a whole. (*Id*. at 15) Moreover, Magistrate Judge Limbert found that the ALJ's characterization of the evidence was supported by a review of the record. (*Id*.)

On March 14, 2018, Plaintiff filed his objection to the R&R, which reasserted his argument that the ALJ improperly substituted its own judgment for that of medical experts in the record. (Pl.'s Obj., ECF No. 17.) Plaintiff emphasized that he "asks not that the [c]ourt reweigh the evidence, but that the [c]ourt recognize that the ALJ's residual functional capacity amounted to an improper substitution of his own judgment for the opinions of five mental-health experts in the record." (*Id.* at 2.)

Despite Plaintiff's insistence that he is not asking the court to reweigh the evidence, Plaintiff has not demonstrated that the ALJ applied the incorrect legal standard. Rather, at most, Plaintiff has demonstrated that there is some evidence in the record which may support the conclusion that he is disabled. However, as Magistrate Judge Limbert noted, "the question is not whether evidence exists in the record upon which the ALJ could have found plaintiff disabled, but instead whether the ALJ's decision finding Plaintiff not disabled is supported by substantial evidence." R&R at 14; *Casey v. Sec. of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) (explaining that "[s]ubstantial evidence exists when a reasonable mind could accept the evidence as adequate to support the

challenged conclusion, even if that evidence could support a decision the other way.")

Accordingly, the court finds, after careful *de novo* review of the Magistrate Judge's R&R and all other relevant documents in the record, that Judge Limbert's conclusions are fully supported by the record and controlling case law. Accordingly, the court adopts as its own the Magistrate Judge's R & R (ECF No. 16.) The court hereby affirms the Commissioner's final decision.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

March 22, 2018